# IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNITAL BELL individually and o/b/o JAMES BELL, DARLENE BILLINGS, GLYNDA BONVILLAIN, MARIE CAUVIN, APRIL FAVARON, CYNTHIA FORDE, ELIZABETH GAUTHIER, TERRI GILBERT, BONNIE HAYDEL, MARY JONES, CHERYL HUFFMAN, SANDY MARTINEZ, PATRICIA RICHARDSON, SHARON SCOTT, RONALD SPRADLEY, DARLEEN TAYLOR, ALMA WATSON and DAVID WHITEHURST <br><br>                       Plaintiffs, <br><br><br>     v. <br><br> THE DOW CHEMICAL COMPANY, INEOS AMERICAS, LLC, KAREN WILLIAMS, JENNIFER SMITH, ROBERT SAMSON, EDUARDO DO VAL, MICHAEL ALBANO, THEO WEBRE, KIM FELTNER, SANDY HOLDEN, DAN BUCHOLTZ, DONALD LYLE, LANCE PARKER, DAN JASON, ERIC ROBERTSON, KEVIN McGOVERN, LARRY LOCICERO and RONALD LAMBOTTE <br>                       Defendants. | **CIVIL ACTION 21-cv-00326** <br><br> **SECTION** <br><br> **DISTRICT JUDGE DICK** <br><br> **MAGISTRATE JUDGE JOHNSON** |

## <u>NOTICE OF REMOVAL</u>

**To:   The Honorable Judges**
       **of the United States District Court**
       **for the Middle District of Louisiana**

PLEASE TAKE NOTICE that Defendant The Dow Chemical Company ("TDCC"), through undersigned counsel, hereby removes to this Honorable Court all claims and causes of action in the civil action styled *Johnital Bell, et al. v. The Dow Chemical Company, et al.* (No. 80,713), originally filed in the 18th Judicial District Court for the Parish of Iberville, State of Louisiana. *See* 28 U.S.C. § 1441(a).

1.

Plaintiffs are Louisiana residents who allege that they have contracted various forms of cancer as a result of being exposed to ethylene oxide ("EtO") emissions from industrial facilities (the "Facilities") operated by TDCC and INEOS Americas, LLC ("INEOS"). *See* Petition for Damages and Request for Trial by Jury (hereinafter "Petition") attached as **Exhibit A** at ¶¶ 1, 12–29. Plaintiffs assert state-law claims for negligence, civil battery, and vicinage. *Id.* at ¶¶ 122–31, 132–37, 138–40.

2.

The Petition also names, as defendants, various individuals who are alleged to be current or former employees of TDCC and INEOS (the "Individual Defendants").[1] *Id.* at ¶¶ 32–47. The Petition alleges that at various points from 2001 to 2020, the Individual Defendants were listed as "Permit Responsible Officials" on air permits issued by the Louisiana Department of Environmental Quality ("LDEQ") that "apply to" the Facilities' EtO emissions, and as such, were certified to be "either officers in

---

[1] The Individual Defendants are Karen Williams, Jennifer Smith, Robert Samson, Eduardo Do Val, Michael Albano, Theo Webre, Kim Feltner, Sandy Holden, Dan Bucholtz, Donald Lyle, Lance Parker, Dan Jason, Eric Robertson, Kevin McGovern, Larry Locicero, and Ronald Lambotte.

charge of a principal business function or to have similar policy and decision-making functions" for TDCC, INEOS, and their Facilities. *Id.* at ¶¶ 32–47, 73. The Petition further alleges that the Individual Defendants were "personally responsible for ensuring INEOS and [TDCC]'s respective compliance with these permits," and that the Individual Defendants "personally certified that information provided to LDEQ regarding EtO emissions from the respective facilities were true, accurate, and complete." *Id.* at ¶¶ 73–74. Finally, the Petition alleges that the Individual Defendants owed a "personal duty" to Plaintiffs "to not emit harmful emissions of EtO from the respective facilities," and that the Individual Defendants "had the authority to shut down emissions of EtO from the respective facilities" but did not do so. *Id.* at ¶¶ 76, 79.

3.

Under well-established Louisiana law set forth in *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973), and its progeny, "there is no reasonable basis for predicting that plaintiffs might establish liability . . . against the in-state defendants." *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 393 (5th Cir. 2000). The Individual Defendants therefore have been improperly joined to this action, and their citizenship should be disregarded for purposes of establishing subject-matter jurisdiction.

4.

TDCC has the right to remove under 28 U.S.C. §§ 1332 and 1441 because: (1) the notice of removal is timely and filed with the consent of all properly joined Defendants; (2) it is apparent from the face of the Petition that the amount in

controversy exceeds $75,000; and (3) there is complete diversity between Plaintiffs and the properly joined Defendants.

## REMOVAL PROCEDURE

### 5.

On April 27, 2021, Plaintiffs filed their Petition asserting claims for negligence, civil battery, and violation of Louisiana's vicinage articles. *See generally* Ex. A.

### 6.

Plaintiffs served TDCC with the Petition on May 4, 2021.

### 7.

TDCC timely filed this Notice of Removal within thirty days of being served with the Petition, which occurred on May 4, 2021. *See* 28 U.S.C. § 1441(b)(1).

### 8.

TDCC's Notice of Removal is also being filed less than one year after the commencement of this action in state court—April 27, 2021—and is accordingly timely under 28 U.S.C. § 1446(c).

### 9.

TDCC and INEOS are the only properly joined Defendants, and both of them consent to the removal of this action as required by 28 U.S.C. § 1446(b)(2)(A). Attached as **Exhibit B** is a Notice of Consent to Removal executed by Counsel for INEOS in this action.

10.

Venue is proper in the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. § 1441(a) because the parish from which this action is being removed—Iberville Parish—lies within this federal district.

11.

Consistent with the directives set forth in 28 U.S.C. § 1446(a), attached as **Exhibit C** is a copy of the state court docket sheet and each document filed in the state court.

12.

Promptly after filing this Notice of Removal, TDCC shall—pursuant to 28 U.S.C. § 1446(d)—give written notice of the removal to Plaintiffs and to the Clerk of the 18th Judicial District Court for the Parish of Iberville, Louisiana.

**GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION**

13.

Federal district courts have original jurisdiction over all civil actions between "citizens of different States" where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). Because Louisiana prohibits plaintiffs from specifying the amount of monetary damages that are sought in their initial pleadings, *see* La. Code Civ. P. art. 893(A)(1), removing defendants in this State can establish that the amount in controversy exceeds $75,000 by either (a) showing that "it is apparent from the face of the petition that the claims are likely to exceed $75,000," or (b) "set[ting] forth 'summary judgment type evidence' of facts in controversy that support a finding

of the requisite amount." *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

14.

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is apparent that the amount in controversy exceeds $75,000 and because Plaintiffs and all properly joined Defendants are citizens of different states.

15.

Plaintiffs are nineteen separate Louisiana residents who claim that they have contracted various forms of cancer as a result of their exposure to EtO emissions from the Facilities over a period of many years. *See* Ex. A, at ¶¶ 12–29. Plaintiffs seek to recover monetary damages for "[p]ast, present, and future pain and suffering"; "[p]ast, present, and future medical expenses"; "[p]ermanent and/or partial physical disability and/or impairment"; "[s]carring and disfigurement"; "[p]ast, present, and future loss of enjoyment of life"; "[f]uture loss of income"; "[f]uture loss of earning capacity"; "[t]he fear and increased likelihood of development of cancer and other fatal and debilitating diseases"; "[t]he fear and increased likelihood of development of damage to vital organs, reproductive system and central nervous system"; and "[t]he fear of early death." *Id.* at ¶ 334. Because there are nineteen Plaintiffs seeking monetary damages for allegedly severe injuries, it is facially apparent that the amount in controversy exceeds the $75,000 threshold. *Cf. Luckett*, 171 F.3d at 298 (district court did not err in finding amount in controversy exceeded $75,000 where

plaintiff "alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization"); *Marcel v. Pool* Co., 5 F.3d 81, 84 (5th Cir. 1993) (facially apparent from complaint that amount in controversy requirement met because plaintiff sought damages for multiple severe injuries, in addition to exemplary damages).

16.

Furthermore, the complete diversity requirement is satisfied because Plaintiffs and all properly joined Defendants are citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Plaintiffs all reside in Louisiana and are therefore all Louisiana citizens. *See* Ex. A, at ¶¶ 12–29; U.S. Const. Amend. XIV § 1. By contrast, TDCC is a corporation incorporated in Delaware with its principal place of business in Michigan. Ex. A, at ¶ 30. INEOS is a limited liability company organized under the laws of Alabama with its principal place of business in Texas, and the company's sole member is INEOS US I Inc.—a corporation that is organized under the laws of Delaware with its principal place of business in Texas. *Id*. at ¶ 31. TDCC, therefore, is a citizen of Delaware and Michigan, and INEOS is a citizen of Delaware and Texas. *See* 28 U.S.C. § 1332(c)(1) (a corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). Neither is a citizen of Louisiana, thereby satisfying the requirement of complete diversity between Plaintiffs and all properly joined Defendants.

17.

Certain of the Individual Defendants are alleged to be citizens of Louisiana, but Plaintiffs have improperly joined them to this action. Improperly joined defendants do not defeat diversity jurisdiction—only "properly joined . . . defendants" do. 28 U.S.C. § 1441(b); *see Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004) (en banc).

18.

To establish improper joinder, a removing defendant can show either "actual fraud in the pleading of jurisdictional facts" or an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)); *see also Badon*, 224 F.3d at 393 (court should disregard the citizenship of an in-state defendant where "there is no reasonable basis for predicting that plaintiffs might establish liability . . . against the in-state defendants").

19.

There is no reasonable basis to predict that Plaintiffs will establish liability against the Individual Defendants because both of the claims asserted against those Defendants—negligence and civil battery—fail as a matter of law. Under Louisiana law, an employee may only be held liable based on actions taken during the course of his employment if four separate criteria are met:

> 1.    The principal or employer owes a duty of care to the third
>       person ... breach of which has caused the damage for which
>       recovery is sought.

2.      This duty is delegated by the principal or employer to the defendant.

3.      The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances—whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

4.      With regard to the personal (as contrasted with the technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

*Canter*, 283 So.2d at 721.

20.

Here, Plaintiffs allege only that at various points from 2001 to 2020, the Individual Defendants were listed as "Permit Responsible Officials" or "PROs" on air permits issued by LDEQ that "apply to" the Facilities' EtO emissions, and as such, the Individual Defendants were certified to be "either officers in charge of a principal business function or to have similar policy and decision-making functions" for TDCC, INEOS, and their Facilities. Ex. A, at ¶¶ 32–47, 73. In a particularly telling series of

allegations, Plaintiffs expound on the meaning of the PRO designation, alleging that Individual Defendants were responsible for "ensuring INEOS and [TDCC]'s respective compliance with these permits," and that the Individual Defendants certified that "information provided to LDEQ regarding EtO emissions from the respective facilities were true, accurate, and complete." *Id.* at ¶¶ 73–74. On this basis, Plaintiffs argue that the Individual Defendants owed a "personal duty" to Plaintiffs "to not emit harmful emissions of EtO from the respective facilities," and that the Individual Defendants "had the authority to shut down emissions of EtO from the respective facilities" but did not do so. *Id.* at ¶¶ 76, 79.

21.

Louisiana law is absolutely clear that an employee only faces liability where he has breached a duty through "*personal* (as contrasted with technical or vicarious) fault." *Canter*, 283 So.2d at 721 (emphasis added). However, an employee faces no liability where, as here, his alleged misconduct amounts to "general administrative responsibility for performance of some function of the employment." *Id.*; *see also Guillory v. PPG Indus.*, 434 F.3d 303, 312–13 (5th Cir. 2005); *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 F. App'x 911, 917–18 (5th Cir. 2009).

22.

Despite their sweeping assertions, Plaintiffs fail to allege that TDCC or INEOS delegated to the Individual Defendants a duty of care to Plaintiffs or that the Individual Defendants breached any such duty through "*personal* (as contrasted with technical or vicarious) fault." *Canter*, 283 So.2d at 721. Nor is there any reasonable

basis to predict that Plaintiffs could ever prove such allegations even had they asserted them. It is TDCC and INEOS who are responsible for ensuring compliance with all applicable regulatory limitations. The mere fact that the Individual Defendants have been designated to certify the truth, accuracy, and completeness of the Facilities' reporting to LDEQ does not transform their PRO designation into a personal duty (or basis of liability) to Plaintiffs. To the contrary, Plaintiffs' allegations with respect to the Individual Defendants' actions amount to nothing more than an attempt to impose liability for general administrative responsibilities performed in the regular course of the Individual Defendants' employment.

23.

Accordingly, the Individual Defendants have been improperly joined to this action, and their citizenship should be disregarded for purposes of subject-matter jurisdiction.

24.

TDCC respectfully notifies this Honorable Court of the removal of the above-captioned action to this Court. Promptly after the filing of this Notice of Removal in this Court, TDCC will file a copy of this Notice of Removal with the Clerk of the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana to effect the removal of this civil action to this Court, as provided by law.

Respectfully submitted,


Dated: June 2, 2021                    By: *s/Edward W. Trapolin*

Timothy F. Daniels, LA Bar No. 16878
Edward W. Trapolin, LA Bar No. 27667
IRWIN FRITCHIE URQUHART & MOORE
LLC
400 Poydras Street
Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2115
Facsimile: (504) 310-2101
tdaniels@irwinllc.com
etrapolin@irwinllc.com

Kristen Fournier (*pro hac vice forthcoming*)
John Ewald (*pro hac vice forthcoming*)
Alvin Lee (*pro hac vice forthcoming*)
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
kfournier@kslaw.com
jewald@kslaw.com
alvin.lee@kslaw.com


*Attorneys for Defendant The Dow Chemical*
*Company*

## CERTIFICATE OF SERVICE

I certify that I have on this 2nd day of June, 2021, served a copy of the foregoing Defendants' Notice of Removal, by email and United States mail, postage prepaid, to counsel for the Plaintiffs at the following addresses:

Richard P. Voorhies, III (#30782)
William A. Barousse (#29748)
THE VOORHIES LAW FIRM
1100 Poydras St., Ste 2810
New Orleans, LA 70163
richard@voorhieslaw.com
william@voorhieslaw.com

Jennifer Thornton (#27109)
William M. Ross (#27064)
STANLEY REUTER ROSS THORNTON & ALFORD LLC
909 Poydras St., Ste 2500
New Orleans, LA 70112

_____/s/ Edward W. Trapolin_____
Edward W. Trapolin